ROHAN BROTHERS BOILER MANUFACTURING COMPANY, Appellant, v. D. J. LATIMORE, ET AL., Respondents.

### St. Louis Court of Appeals, May 19, 1885.

1. ATTACHMENT--FRAUDULENT CONCEALMENT--The collection of money, for another, by a firm which subsequently becomes insolvent and fails to pay over the same, and the denial of its receipt by one of the co-partners, is not such a fraudulent concealment, removal, or disposal of it as will sustain an attachment.

2. ——— Such a state of facts does not make the debt one "fraudulently contracted," within the meaning of the attachment law.

APPEAL from the St. Louis Circuit Court.—LUBKE, J.

*Affirmed.*

F. A. WIND, for the appellant.    It is sufficient if the design is to fraudulently dispose· of a part of the property, or to defraud the plaintiff only. Waples on Att. 22, 59; *Taylor v. Myers*, 34 Mo. 81. The concealment need not be of goods, but may be of money. *Powell v. Farrell*, 47 Miss. 281.

PATTISON & CRANE, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff proceeds by attachment against the defendants on two grounds: 1. That defendants have fraudulently concealed, removed, or disposed of their property or effects, so as to hinder or delay their creditors. 2. That the debt sued for was fraudulently contracted. The transactions which formed the basis of the proceeding were substantially the following: The plaintiff sold to the defendants a boiler, which was intended for a customer of the defendants in Mississippi, and was duly shipped to him. The defendants reported to the plaintiff that, on account of some defect, their customer refused to accept the boiler, whereupon the plaintiff told the defendants to have it re-shipped and returned. Shortly afterwards, the defendants reported that they had found another purchaser for the article in Mississippi, and it was finally agreed that the plaintiff would sell it for the price of $450, to be paid by the defendants upon their collection of the money from the Mississippi purchaser. It afterwards appeared that the defendants received the money, but failed to inform the plaintiff of the fact, and did not pay it over. One of the defendants (who constituted a partnership firm) denied, when asked about it, that the money had been received. The defendants became insolvent. These are all the facts that appear to be material to the questions in dispute.

There was no sort of foundation in the plaintiff's case for the first ground of attachment. Money, as well as other property, may be "fraudulently concealed, removed, or disposed of;" but neither concealment, removal, nor any other disposal of it, is discernable in a mere denial of its receipt, whether true or false, or in a failure to pay according to contract.

As to the second ground of attachment, the two following instructions, of which the first was given for the plaintiff, and the second for the defendants, will sufficiently indicate what issues were submitted to the jury and by them determined:

"If the jury believe from the evidence that, after

Terrell had refused to accept the boiler, the plaintiff authorized defendants to sell the boiler to Enochs for the plaintiff at the price of four hundred and fifty dollars, the same to be paid to plaintiff immediately upon the receipt thereof by defendants ; that under this authority defendants sold the boiler to Enochs and received from him four hundred and fifty dollars, and failed to pay the same to plaintiff, but converted it to their own use, defendants then being insolvent; then the debt sued on was for the conversion of the four hundred and fifty dollars, and not for the price of the boiler, and was fraudulently contracted, and you should find for the plaintiff.

"The court instructs the jury, that they can not find that the debt here sued for was fraudulently contracted on the part of the defendants, if, from the evidence, they believe that, after Terrell had refused to take the boiler, plaintiff, Rohan Brothers Boiler Manufacturing Company, sold the boiler to defendants at the price of $450, and defendants in turn sold the said boiler to Enochs. If, from the circumstances and evidence, the jury believe the foregoing facts to have been proved and established, then the mere failure of defendants to pay over the $450, when they received it from Enochs, will not support the allegations of the affidavit that the debt was fraudulently contracted, and the jury should return a verdict for the defendants."

We need only say that there was evidence substantially tending to sustain the hypotheses presented in the second instruction above copied, and to disprove those contained in the first ; and that the court's deductions in the second were consonant with law. The first of these two instructions does not seem to harmonize with the conclusions of our supreme court in *Finlay v. Bryson*, not yet reported (20 Cent. Law Jour. 333), but that is immaterial, since the instruction was given at the instance of the plaintiff, and the error, if any, was in its favor. There is, therefore, no consideration to justify a disturbance of the verdict for the defendants, so far as it

concerns any of the points thus presented. No error appears in any other feature of the record, and the judgment is affirmed, with the concurrence of all the judges.